UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re: ROGER L. KIGHT and KAYLA R.
KIGHT, husband and wife,                                   Case Number:
Debtor(s)

# DEBTOR'S PLAN PAYMENT DECLARATION

1. The first plan payment will be made on or before <u>June 30, 2016</u>. (The date specified must be no later that 30 days after the date of the filing of the plan, or the order for relief, whichever is earlier.) All subsequent plan payments will be made on or before the same day of each subsequent month for the remaining term of the plan.

2. The debtor's employer/ income source is as follows:

a. Debtor No. 1: Roger L. Kight
   Employer I.D. or
   Last Four Digits of S.S.N.: 3300
   Employer/
   Income Source: Jahns Pipe Construction Inc.
   Address: 2731 Hiwy 26
   Othello, WA 99344

   Phone No.:

   Debtor No. 2: Kayla R. Kight
   Employer I.D. or
   Last Four Digits of S.S.N.: 3130
   Employer/
   Income Source: Viridian Management
   Address: PO Box 490
   Enterprise, OR 97828

   Phone No.:

b. Debtor No. 1 is paid:                                    Debtor No. 2 is paid:

X   Weekly                                                  Weekly
    Bi-weekly                                               Bi-weekly
    Semi-monthly                                            Semi-monthly
    Monthly                                                 Monthly
    Other _____                             Other _____

   c. Deduct payments from wages or income source of:

       Debtor No. 1: <u>$582.00</u> each month

   X   Evenly from each check
       All from one check. If so, pay period from which to deduct is _____.
       Other:

       Debtor No. 2 _____ each month

       Evenly from each check
       All from one check. If so, pay period from which to deduct is _____.
       Other _____

3. Debtor acknowledges:

   a. Immediately after filing, the trustee is authorized to present to the court an order, without notice, directly any entity from whom the debtor receives money, such as employees and governmental agencies, to pay all or part of such income to the Chapter 13 Trustee, except to the extent otherwise subject by law to setoff, recoupment or alternative disposition.

   b. Payments made by the debtor directly to the trustee will only be permitted when specifically authorized by an order of the court pursuant to LBR 2083-1 (b).

   If direct payments are authorized by the court, such payments will be made:

   1. In the form of a *cashier's check* or *money order* only; (*No personal checks, cash or electronic bank transfers (EBT) will be accepted.*)

   2. Payable to Daniel H. Brunner, Trustee, and sent to P.O. Box 1003, Memphis, Tennessee 38101-1003; and

   3. With the debtor's first and last name and bankruptcy case number, exactly as they appear on the bankruptcy petition, clearly printed on the check.

Dated: May 16, 2016

/s/ Bradley P. Thonney  
Attorney for Debtor

/s/ Roger L. Kight  
Debtor:

/s/ Kayla R. Kight  
Debtor:

LF 2083B (5/1/96)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re: Roger L. Kight and Kayla R. Kight, husband and wife,
                    Debtor(s)

Case No.

# PLAN FUNDING ANALYSIS

### AMT. PAID BY TRUSTEE

| | |
|---|---|
| **ADMINISTRATIVE EXPENSES** (Excluding Trustee Fees) | $2,310.00 |
| **CONTINUING CLAIMS** | $ |
| **SECURED CLAIMS** | **$21,600.00** |
| **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** | $ |
| **ARREARAGES/DEFAULTS** | $ |
| **PRIORITY CLAIMS** | $ |
| **SEPARATE CLASSIFICATIONS OF UNSECURED CLAIMS** | $ |
| **UNSECURED CLAIMS** | **$1,200.00** |
| **POSTPETITION CLAIMS** | $ |
| **OTHER PROVISIONS** | $ |
| **SUB-TOTAL** | **$25,110.00** |
| **TOTAL OF PAYMENTS TO TRUSTEE INCLUDING FEES** (Divide Sub-Total by .9) | **$27,900.00** |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

**CASE NAME: ROGER L. KIGHT and KAYLA R. KIGHT, husband and wife,**               **CASE NUMBER**

## CHAPTER 7
## LIQUIDATION ANALYSIS

**Total Value of Personal Property**                               $<u>10,975.00</u> (+)

**Total Value of Real Property**                               $<u>       </u> (+)

**Total Secured Claims against Personal Property (not to exceed value of property):**                               $<u>18,410.00</u>( - )

**Total Secured Claims against Real Property (not to exceed value of property):**                               $<u>       </u> ( - )

**Total Personal Property Exemptions Claimed (equity only):**                               $<u>951.00</u> ( - )

**Total Real Property Exemptions Claimed (equity only):**                               $<u>       </u> ( - )

**Net Value of Non-Exempt Property:**                               $<u>   -0-     </u>

Date: May 16, 2016                               /s/ Bradley P. Thonney
                                             Attorney for Debtor

LF 2083-1F (8/13)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In Re:                                          )
                                                )  NO.
ROGER L. KIGHT and KAYLA R.                     )
KIGHT, husband and wife,                        )  CERTIFICATE OF DEBTOR'S/DEBTORS'
                                                )  ATTORNEY AND DEBTOR(S) REGARDING
                                                )  PAYMENTS TO AND DISBURSEMENTS
                                                )  BY THE CHAPTER 13 TRUSTEE
                            Debtors             )
                                                )

I hereby certify that I have advised the above-captioned debtor(s) of the following:

1. The Chapter 13 Trustee disburses to creditors on the second business day of each month.

2. Any payments received by the Trustee on or after the second business day of the month will not be disbursed until the second business day of the following month.

3. Although the law requires that the debtor make the first plan payment to the Trustee <u>no later</u> that 30 days following the date the bankruptcy is filed, the debtor can, and in many cases should, make payments to the Trustee prior to that 30th day.

4. More specifically, if any payment on a continuing claim, an executory contract, or an unexpired lease becomes due prior to the expiration of 30 days following the date the bankruptcy is filed, then such payment should be transmitted to the Trustee no later than seven days before (or at the time of filing if the case is filed fewer than seven days before), the date it first becomes due under the applicable contract or lease.

5. That I have given a copy of this Certificate to the debtor(s).

This Certificate does not constitute a waiver of the attorney-client privilege.

/s/ Bradley P. Thonney
Attorney for Debtor(s)    Date: 05/16/2016

I (We), the above-captioned debtor(s), hereby acknowledge(s) having received the above stated advise from my/our attorney.

/s/ Roger L. Kight                              /s/ Kayla R. Kight
Debtor         Date: 05/16/2016                 Debtor         Date: 05/16/2016

CERTIFICATE OF DEBTOR'S/DEBTORS' ATTORNEY